IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**FRED STEPNAY, JR.,**

       **Plaintiff,**

       **vs.**
                                      CIVIL ACTION
                                                No. 04-3246-GTV

**DENNIS GOFF, et al.,**

       **Defendants.**


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $150.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf".  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997).  Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

Plaintiff alleges he has been provided inadequate medical care for a skin condition (Doc. 1, p. 1).  The constitutional framework governing medical care for a prisoner is well-established.  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  Estelle v.

Gamble, 429 U.S. 97, 104 (1976).  However, mere negligence, even if it rises to medical malpractice, does not violate the prisoner's constitutional rights.  Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

Likewise, no claim of constitutional dimension is stated where a prisoner challenges matters of medical judgment or otherwise expresses a difference of opinion concerning the appropriate course of treatment.  Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992).  Finally, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.  Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

The record shows plaintiff developed a skin condition in November 2003.  He was treated a number of times by defendant Goff, a nurse practitioner.  Plaintiff requested a referral to a physician in February 2004, but the request was denied.  However, in March 2004, plaintiff was seen by a physician and diagnosed with a staph infection.  Plaintiff received a ten-day course of antibiotics and an antibiotic soap.[2]

---

[2] Plaintiff characterizes this as "the correct treatment". (Doc. 1, p. 3.)

3

Plaintiff sought additional, follow-up care, but the request was denied.  He was seen in May 2004 by another physician, who diagnosed the condition as M.R.S.A. and prescribed a twenty-day course of antibiotics.  Plaintiff states that as a result of the delay, he has permanent scarring on his skin and an infectious disease that may recur.

The court has considered the record and concludes the plaintiff's allegations are insufficient to state a claim of deliberate indifference.  The record shows plaintiff has received ongoing treatment and evaluation for his complaints. While plaintiff desired additional care, a difference of opinion regarding the timing and nature of treatment to be provided does not state a claim under the Eighth Amendment. See Williamson v. Wilson, 238 F.3d 426 (6th Cir. 2000)(affirming summary dismissal of action against prison doctor and dentist where tooth extraction resulted in staph infection and permanent scarring).  The court concludes plaintiff has not sufficiently alleged deliberate indifference and therefore will dismiss this matter for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

4

Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility in which he is incarcerated.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May, 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge